BENITO VASQUEZ v. STATE

No. 29,641. March 12, 1958.

*Perry Jones* and *David Longoria,* Austin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is vagrancy; the punishment, a fine of $105.00.

Detective Pfieffer of the Austin police testified that on the occasion in question he called a taxicab, and when it arrived the appellant was the driver; that during his ride he and the appellant "got to talking about prostitutes and I asked him if he knew where any were. He stated that there were some on the San Antonio highway, and I asked him if he would take me there *and he said he would.*" The witness did not indicate a present desire to avail himself of appellant's services, and when they parted the appellant gave the witness his card and instructed him to call him when he "wanted to go out there." The witness further testified that he had no intention of hiring the appellant for the purpose mentioned but that, if it had been necessary to do so in order to make out his case, he would have made the trip but that he would not have engaged in an act of intercourse if he had gone.

Appellant did not testify or offer any evidence in his own behalf. Two briefs have been filed for the appellant. We shall endeavor to discuss the contentions advanced in each of them. It is first urged that the court erred in failing to sustain his motion to quash the information.

This prosecution was instituted under Article 607, V.A.P.C., Section 15, which reads as follows:

"All persons who invite, entice, or solicit any male person, or direct, take or transport, or offer or agree to take or transport, or aid or assist in transporting, any male person to visit any bawdy house or disorderly house or other place, for the purpose of unlawful sexual intercourse, knowing the purpose

of such person in going to such house; or who meet any female at such bawdy house or disorderly house for the purpose of unlawful sexual intercourse."

The information did not allege that the appellant was "a vagrant, to-wit: - - -," as is suggested in Form 780, Willson's Criminal Forms, 6th Ed., but did charge, omitting the formal parts, that the appellant "did then and there unlawfully and wilfully offer to transport a male person to visit a bawdy house, and disorderly house, and other place, for the purpose of unlawful sexual intercourse; and the said Benito Vasquez who did then and there know the purpose of such male person in going to such house and place . . . ."

We have examined the grounds set forth in the motion and find them without merit.

It is next urged that the statute above quoted is so vague and indefinite as to render it inoperative. We overrule such contention.

The principal contention advanced is that the evidence is insufficient to support the conviction in that there was no proof that the appellant "knew the purpose of such male person in going to such house and place." We have concluded that the witness' intentions in the premises were of no consequence. The testimony quoted above is, in our judgment, sufficient to show that the appellant did agree to transport a male person to a bawdy house for the purpose of unlawful sexual intercourse and knew the purpose of the trip. The fact that his "knowledge" or understanding was without foundation will afford him no excuse nor defeat this prosecution.

We do not find this a conditional agreement to do something in the future. When he said he would take him, the appellant was then willing and ready to carry his passenger to the designated place. We cannot limit our consideration to their conversation in parting.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.